ESTATE OF FREDERIC E. BALDWIN, DECEASED, GIRARD TRUST COMPANY, EXECUTOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101134. Promulgated July 8, 1941.

*Pierce Archer, Jr., Esq.,* for the petitioner.
*Albert H. Monacelli, Esq.,* for the respondent.

OPINION.

LEECH: The respondent determined a total deficiency in estate taxes against the petitioner of $1,231.40. The deficiency in so far as here in issue resulted from the disallowance by the Commissioner of the deduction by petitioner of $8,000 in attorneys' fees from the corpus of a trust estate in determining its value for inclusion in decedent's estate for estate tax purposes. By amended answer respondent asks that the deficiency be increased by disallowance of certain items deducted by petitioner in valuing the trust estate and allowed by respondent in determining the deficiency as follows:

| | |
|---|---|
| Trustee's commissions | $4,573.17 |
| Transfer costs | 130.00 |
| Filing costs | 100.00 |
| Deposition costs | 105.75 |
| Dr. Westney—witness | 25.00 |

We find the facts as stipulated. They are, briefly stated, as follows:

On June 1, 1931, Frederic E. Baldwin, a resident of Atlantic County, New Jersey, executed a will and a revocable deed of trust wherein the Girard Trust Co. of Philadelphia was named as executor of the will and trustee of the trust. Under the will Emily D. H. Mayer was made the sole beneficiary. Under the trust the grantor conveyed to the trustee his personal property, consisting of securities valued at approximately $120,000, excepting certain securities and accrued income amounting to $6,193.92. The income from this trust was reserved to the grantor as long as he lived and, upon death, Emily D. H. Mayer

was to receive the trust corpus, together with accrued income. However, in the event that Emily D. H. Mayer predeceased the grantor, the trust corpus and accrued income were to be included in the grantor's estate. The grantor predeceased Emily D. H. Mayer. A codicil to the will was executed on September 29, 1932, bequeathing $25,000 to Lucy M. Parker.

Frederic E. Baldwin died on November 3, 1936. His will and the codicil thereto were probated and the estate administered in Atlantic County, New Jersey. His trust was administered under the jurisdiction of the Orphans' Court of Philadelphia County, Pennsylvania.

On or about February 17, 1937, Lathrop E. Baldwin, a nephew of the testator, acting in behalf of himself and May B. Cameron, a niece, and Florence St. John Baldwin, a sister, all residents of New York, filed a bill in equity in Philadelphia County, Pennsylvania, against the Girard Trust Co., as executor under the will and codicil and as trustee of the deed of trust. Also, Emily D. H. Mayer, residuary legatee under the deed of trust, and Lucy M. Parker, legatee under the codicil, were named as defendants in the bill. The bill prayed that the deed of trust be declared null and void on the ground that Frederic E. Baldwin, at the time of its creation, was of unsound mind and incapable of performing any legal act.

At or about the time that the above mentioned bill in equity was filed in Philadelphia County, Lathrop E. Baldwin, acting for himself and others, appealed from the admission of the will and codicil to probate by the Surrogate of Atlantic County, New Jersey, also on the ground that Frederic E. Baldwin was of unsound mind and incapable of disposing of his estate at the time of the execution of his will.

The Girard Trust Co. retained a law firm in Philadelphia, Pennsylvania, to represent it in defense of the trust in Philadelphia, and further employed a New Jersey attorney to represent it in the will contest in New Jersey. Both litigations were settled on the day preceding the day fixed for trial of the action before the Court of Common Pleas of Philadelphia County. Accordingly, the proceedings attacking the deed of trust and the will and codicil were withdrawn, and the Girard Trust Co., as trustee and executor, proceeded with its accounting and settlement of its accounts and with the final distribution of the estate under the provisions of the deed of trust, will, and codicil.

The amount of the counsel fees was $8,000, and the entire amount was paid from the trust property. One-half, or $4,000, was paid to the Philadelphia law firm in 1937, and the remaining half to the New Jersey attorney in May 1938.

At the time of the audit of the account of Girard Trust Co. as trustee in the Orphans' Court of Philadelphia County, Pennsylvania, that

court allowed the payment of $8,000 as counsel fees. The court's adjudication allowing these fees states in part as follows:

In view of the disproportion of the trust estate, which showed a balance of principal in excess of $125,000., as against the small amount in the Executor's account, the Surrogate of Atlantic County refused to permit the allocation of any, except a portion, of the counsel fee to F. Morse Archer, Jr., to be deducted from this estate, and proportioned the Federal Taxes between the two estates in accordance with their proper ratio.

In view of the fact that the Federal authorities refused to allow counsel fees and expenses as a proper deduction from the estate unless allowed by the Court having jurisdiction over this account, the accountants request an adjudication as to whether, in view of the prolonged litigation and its successful termination, the fees and expenses are proper deductions from the trust estate, so that a final determination of the tax liability of the estate for Federal Inheritance Tax may be determined and the Executors and Trustees be discharged.

Credit is taken in the account for the balance of counsel fee and the expenses incurred in the litigation.

The Accountants charge themselves with the expenses of defending the trust established under the Deed in proceedings brought in Common Pleas No. 5 of Philadelphia County, which proceedings were settled. It was the duty of the trustees to defend the trust, and if they cannot defend the trust without incurring expenses, such expenses for counsel or other matters is [sic] properly payable out of the trust estate.

In determining the value of the trust estate respondent allowed commissions amounting to $4,573.17, based on 3½ percent of the value of the trust assets turned over to the trustee in 1931. The commissions were payable at the termination of the trust by the death of Frederic E. Baldwin and were actually paid December 18, 1936. He also allowed transfer costs, filing costs, deposition costs, and a witness fee, totaling $360.75, all of which, it is stipulated, were expenses attributable to the administration of the trust. Respondent now claims this action to have been in error and asks an increase in the value of the trust estate by the total amount of these items and an increase in the deficiency determined.

The value of the gross estate of decedent, exclusive of the trust, was $6,482.67. Attorneys' fees in the amount of $1,750 were allowed by respondent as a deduction therefrom in computing the present deficiency.

It is conceded that because of the revocability of the trust, the value of its corpus is includable in the gross estate of decedent for estate tax purposes. Revenue Act of 1926, sec. 302 (d).[1]

---

[1] SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\* \* \* \* \* \* \*

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for

There are two issues: (1) Whether the petitioner, in determining the value of a trust estate includable in the gross estate for estate tax purposes under the cited section is entitled to reduce the corpus of such trust by amounts incurred for (a) attorneys' fees in defending the decedent's trust, will, and codicil after his death, (b) trustee's commissions, and (c) other miscellaneous expenses attributable to the administration of the trust; and (2) whether, in determining decedent's net estate under section 303 (a) (1) of the Revenue Act of 1926,[2] any or all of the contested items are deductible from the gross estate as administration expenses of the estate.

Under the specific wording of section 302, *supra*, it is "The value * * * at the time of * * *. [decedent's] death * * *" which shall be included in decedent's gross estate for present purposes. See also *United States* v. *Provident Trust Co.*, 291 U. S. 272; *Lyman* v. *Commissioner*, 83 Fed. (2d) 811.

The record here shows that the attorneys' fees of $8,000 were expenses incurred after the decedent's death and were paid entirely out of the corpus of the trust for services in connection with controversies arising subsequent to that death. Therefore, since these attorneys' fees were not liabilities of the trust at the date of the decedent's death, they may not be considered in determining the value of the corpus thereof for estate tax purposes. *Farmers Loan & Trust Co.* v. *Bowers*, 98 Fed. (2d) 794; *Mayer* v. *Reinecke*, 28 Fed. Supp. 334; *Estate of Frederick R. Shepherd*, 39 B. T. A. 38.

A different condition exists as to the trustee's commissions. It is stipulated that this expense represents commissions at 3½ percent on the value of the trust assets turned over to the trustee in 1931. It is further stipulated that these commissions were payable at the termination of the trust by the death of the decedent. Since these commissions had accrued as a liability of the trust at the time of the decedent's death, they were properly deducted in the determination of the value of the trust. *Farmers Loan & Trust Co.* v. *Bowers, supra;* *Mayer* v. *Reinecke, supra; Estate of Frederick R. Shepherd, supra*.

With regard to the other miscellaneous expenses, it is stipulated that they were attributable to the administration of the trust, and, since there is no showing that any of such expenses existed as liabili-

---

an adequate and full consideration in money or money's worth. The relinquishment of any such power, not admitted or shown to have been in contemplation of the decedent's death, made within two years prior to his death but after the enactment of this Act without such a consideration and affecting the interest or interests (whether arising from one or more transfers or the creation of one or more trusts) of any one beneficiary of a value or aggregate value, at the time of such death, in excess of $5,000, then, to the extent of such excess, such relinquishment or relinquishments shall be deemed and held to have been made in contemplation of death within the meaning of this title.

[2] SEC. 303. For the purpose of the tax the value of the net estate shall be determined—
(a) In the case of a resident, by deducting from the value of the gross estate—
(1) Such amounts for * * * administration expenses * * *.

ties of the trust at the time of decedent's death, we hold that they can not be considered in the determination of the value of the corpus thereof for estate tax purposes. *Farmers Loan & Trust Co.* v. *Bowers, supra; Mayer* v. *Reinecke, supra; Estate of Frederick R. Shepherd, supra.*

Are any of the items in controversy deductible from the value of decedent's gross estate as administration expenses of that estate in determining its net value under section 303 (a), *supra?*

No authority is needed for the rule that estates and trusts are separate entities for tax purposes. And this rule is effective here despite the fact that the executor of the will and the trustee of the trust were the same company, and the actual beneficiaries of the will and trust, the same person.

It has been stipulated that all the contested items except the attorneys' fees in the sum of $8,000, were administration expenses of the trust. That stipulation, of course, concludes petitioner on all but the excepted item, since they were not expenses of the estate but those of the trust.

Is any part or all of the attorneys' fees of $8,000 deductible? We think not.

The courts and the Board have held that "administration expenses" must be construed broadly. They have said that though the act provides for the deduction of such "as are allowed by the laws of the jurisdiction", the term must be construed as meaning such expenses, including attorneys' fees, "as will ultimately be allowed by the laws of the jurisdiction under which an estate is being administered", regardless of whether they have in fact been allowed by a competent court, or paid at the time of the hearing of the proceeding before the Board. *James D. Bronson et al., Trustees,* 7 B. T. A. 127; affd., 32 Fed. (2d) 112; *John A. Loetscher et al., Executors,* 14 B. T. A. 228 (affirmed in part and reversed in part, 46 Fed. (2d) 835, without affecting the decision of the Board on this point).

The estate of decedent was being administered in a Surrogate's Court of the State of New Jersey. The decision of the Orphans' Court of Philadelphia County in allowing the payment of the contested attorneys' fees from the trust estate indicates that the only attorneys' fees in controversy here were presented for allowance to the Surrogate Court of New Jersey having jurisdiction of the decedent's estate, and that court refused to allow them. In any event, this record does not show that these contraverted fees were not presented to and disallowed by that court. The only court, so far as we know, which did allow them was the Orphans' Court of Philadelphia County, which had jurisdiction of the trust but not the decedent's estate. And that court allowed the payment of the entire amount of

these fees as expenses of administration of the trust. They were so paid.

The value of decedent's gross estate, which was administered as such, was $6,482.67. Respondent allowed the deduction of the attorneys' fees in the sum of $1,750 therefrom. The petitioner has not sustained its burden of establishing that the contested fees here, in the amount of $8,000, or any part thereof, were ultimately allowable by the laws of New Jersey under which the estate was being administered. Accordingly upon that ground, aside from any other, we hold that these fees are not deductible as an expense of the administration of the estate.

*Decision will be entered under Rule 50.*